Certiorari was allowed to review the judgment of the Essex County Court of Common Pleas, reversing an order dismissing plaintiff's petition for compensation for injuries alleged to have been suffered on September 7, 1946, while in the employ of defendant-appellant.
The deputy commissioner dismissed the petition on the ground that plaintiff had failed to establish the relationship of master and servant. The County Court found that there had been an accident arising out of and in the course of the employment. The matter was sent back to The Workmen's Compensation Bureau to fix and determine the proper amount of disability, and, upon such findings being returned to the Common Pleas, judgment was entered by said court.
A single question is involved in these proceedings, namely, was the plaintiff an employee of the defendant-appellant, or was he an independent contractor at the time of his injury?
The testimony is very conflicting on the question to be determined. The plaintiff testified that he worked on the basis of $1.50 for eight hours, with time and a half for overtime; that his work hours were from seven or seven-thirty A.M. to four-thirty P.M. and that he never worked for appellant as an independent contractor, and denies that he sought an additional $10.00 to the $50.00 contracted for the digging of holes because he encountered stone in digging the holes, as Manuel Vieira testified. Plaintiff also denied having offered to pay one Reed, an employee of appellant, if Reed would stay and help plaintiff after his work time.
Plaintiff's brother testified that he was employed by appellant at the same rate of pay as plaintiff and that he was working on the job when plaintiff was hurt and that he was working there by direction of Mr. Vieira. *Page 50 
Mrs. Vieira, who acted as bookkeeper for appellant, testified that plaintiff had worked on several other jobs on a contract basis; that he sought an additional $10. on the job in question. She also testified that she made the pay-roll records and showed thereon certain deductions for Social Security and Withholding Tax, which testimony was supported by Exhibit P-1, which was plaintiff's pay-roll account.
Manuel Vieira testified that he employed plaintiff on an hourly basis for ordinary work, which included work like that here involved, but that plaintiff asked to be permitted to do the job of digging these two holes on a contractual basis, and sought an additional $10. because of the hard labor involved. He testified that plaintiff had done other jobs on a contractual basis. He also testified that he paid Reed for his work on the job.
An employee of appellant, James Reed, testified that he worked on the Montclair job with plaintiff; that plaintiff offered him a dollar if he would remove an additional six inches of dirt; that appellant paid him for all the work he did on the job.
We, therefore, are confronted with this factual situation, — that plaintiff and his brother testified that they were working for appellant on the job in question; and the testimony of plaintiff that he never did any work on a contractual basis for appellant. This would seem to have support in the failure of appellant to produce any physical evidence, such as checks for payment of such contracts, although its witnesses testified there were five or six such jobs performed by plaintiff; and the apparent inclusion of all moneys paid to plaintiff in the pay-roll account, Exhibit P-1, from which sums Social Security and Withholding Tax deductions were shown on the pay-roll record. Apparently, only one check, purporting to be in payment of contractual labor for the job in question, was sent by appellant to plaintiff after the injury occurred, and was returned by plaintiff with a statement in the letter enclosed therewith, that he was an employee and that the endorsement on the back of the check: "Paid in full for contract work at Willard Place Grove Street, Montclair, N.J." was a misstatement. *Page 51 
Nor is there any testimony that the payments to the brother did not include the time he put in on the job in question.
Upon careful and critical consideration of all of the evidence, it seems clear that plaintiff has borne the burden of proving that, at the time of the accident, he was an employee of the appellant. As stated above, there is no question raised as to the happening of the accident, notice thereof to the employer and the amounts awarded.
The judgment of the Essex County Court is affirmed.